# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCE M. WHITE, SR., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 10-464 |
| | ) | |
| v. | ) | Judge Ambrose |
| | ) | Magistrate Judge Bissoon |
| THE PENNSYLVANIA STATE POLICE, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this civil action be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii), and that Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 7) and Motion for Appointment of Counsel (Doc. 8) be denied.

### II. REPORT

Plaintiff, Lance M. White, Sr., is a state prisoner who alleges that his constitutional rights were violated when he was falsely arrested and then falsely convicted and sentenced for narcotics offenses in Pennsylvania. White seeks relief in the nature of compensatory damages and release from custody pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and he has been granted leave to proceed *in forma pauperis* (Doc. 4).

#### A. Applicable Law.

Congress has mandated that courts review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In determining whether Plaintiff has stated a claim upon which relief can be granted, the standard of Federal Rule of Civil Procedure 12(b)(6) is applicable, i.e., dismissal is appropriate under if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint possesses "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009).

### B. Analysis

Plaintiff is barred from litigating a claim that his criminal conviction is invalid. A prisoner may not bring a civil rights suit if its success would render invalid a criminal conviction that has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Where a Section 1983 claim, "if successful, would have the hypothetical effect of rendering [a] criminal conviction or sentence invalid," then the claim is barred until the conviction is overturned. Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (cites and quotes omitted). Here, resolution of White's claim in his favor would necessarily require a finding that his conviction was invalid, and such a claim is barred by Heck.

Plaintiff's motion seeking a preliminary injunction (Doc. 7) also should be denied because he has no valid underlying claim (and because he has not alleged any irreparable harm because he only claims that he fears retaliation in response to his filing of this lawsuit). Finally, Plaintiff is not entitled to have counsel appointed where he has no valid claim.

### III    CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that this civil action be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii), and that Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction (Doc. 7) and Motion for Appointment of Counsel (Doc. 8) be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by June 2, 2010.

May 19, 2010                                                                                     s/Cathy Bissoon
                                                                                                          Cathy Bissoon
                                                                                                          United States Magistrate Judge

cc:
**LANCE M. WHITE, SR.**
JA-8797
1100 Pike Street
Huntingdon, PA 16654