IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCE M. WHITE, SR., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 10-464 |
| | ) | |
| v. | ) | Judge Ambrose |
| | ) | Magistrate Judge Bissoon |
| THE PENNSYLVANIA STATE POLICE, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons stated below, it is respectfully recommended that Plaintiff's leave to proceed *in forma pauperis* (Doc. 4) be revoked, and Plaintiff be required to file the remaining balance of the filing fee for this action prior to continuing this litigation.

### II. REPORT

Plaintiff, Lance M. White, Sr. ("Plaintiff"), is a state prisoner who alleges that his constitutional rights were violated when he was falsely arrested and then falsely convicted and sentenced for narcotics offenses in Pennsylvania. Plaintiff seeks relief in the nature of compensatory damages and release from custody pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* ("IFP") (Doc. 4).

Under the Prisoner Litigation Reform Act of 1996 ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), Congress created the so-called "three-strikes rule," which provides as follows.

1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (as amended). As is apparent from the plain language of the statute, under this rule a prisoner who, on three or more prior occasions while incarcerated, has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, must be denied IFP status unless he is in imminent danger of serious physical harm. Piskanin v. Pennsylvania Dept. of Corrections, No. 09-322J, 2010 WL 3834845, at *1 (W.D.Pa. Aug. 17, 2010). Additionally, dismissal based on the immunity of a defendant from suit has been held to cause a "strike" under Section 19155(g). See Gary v. Albino, No. 10-886, 2010 WL 2546037, at *2 (D.N.J. June 21, 2010)

Analysis under the "three-strikes rule" of § 1915(g) must be made with respect to the time of commencement of the action. Lopez v. U.S. Dept. of Justice, 228 F.App'x 218, 219 (2007) (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001)). "[O]nly the strikes actually earned up to that time are relevant. The statute does not authorize courts to revoke *in forma pauperis* status if a prisoner later earns a third strike." Lopez, 228 F.App'x at 219. Additionally, "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights." Id. at 218.

A review of prior cases filed by Plaintiff in the United States District Court for the Western District of Pennsylvania indicates that Plaintiff has filed several cases that were dismissed for failure to state a claim upon which relief may be granted. The first is White v. O'Toole, No. 95-258 (W.D.Pa. filed Feb. 24, 1995). This case was dismissed on

2

March 21, 1995, as being legally frivolous, and no appeal was taken. See O'Toole, No. 95-258 (Docs. 4-5). The second case is White v. Kyle, No. 98-970 (W.D.Pa. filed June 3, 1998). This was dismissed on March 7, 2010, Kyle, No. 98-970 (Docs. 22 and 24), and no appeal was taken. The third case is White v. Matthews, No. 01-964 (W.D.Pa. filed May 29, 2001). This was dismissed on August 2, 2002, and no appeal was taken. See Matthews, No. 01-964 (Docs. 35-36). Additionally, Plaintiff has failed to provide any sort of indication, in his complaint or otherwise, that he is in imminent danger of serious physical injury. Accordingly, his leave for leave to proceed IFP should be revoked, and Plaintiff should be required to pay the full filing fee in a timely manner prior to continuing this civil action.

### III. CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiff's leave to proceed *in forma pauperis* (Doc. 4) be revoked, and Plaintiff be required to file the remaining balance of the filing fee for this action in a timely manner prior to continuing this litigation.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1) (B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this report and recommendation must be filed by May 23, 2011. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, -- F.3d --, 2011 WL 635274, *5 n.7 (3d Cir. Feb. 9, 2011).

May 9, 2011
s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

**cc:**
**LANCE M. WHITE, SR.**
JA-8797
1100 Pike Street
Huntingdon, PA 16654