# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LANCE M. WHITE, SR. ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 10-0464 |
| ) | |
| v. ) | District Judge Donetta W. Ambrose |
| ) | Magistrate Judge Cynthia Reed Eddy |
| THE PENNSYLVANIA STATE POLICE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this case be dismissed with prejudice for failure to comply with this Court's orders and for failure to prosecute.

### II.  REPORT

On April 9, 2010, Lance White filed a civil rights complaint against numerous named Pennsylvania State Troopers, the Governor of Pennsylvania and Pennsylvania Attorney General's Office, the Butler County Public Defenders Office, and other unnamed Pennsylvania State Troopers and employees. [ECF No. 1]. In a lengthy and at times confusing narrative, Plaintiff alleged that he is a state prisoner whose constitutional rights were violated when he was falsely arrested and then falsely prosecuted, convicted and sentenced for narcotics offenses in Pennsylvania. Plaintiff seeks relief in the nature of compensatory damages and release from custody under 42 U.S.C. § 1983.

Prior to service of the complaint, the Magistrate Judge formerly assigned to the case filed a Report and Recommendation [ECF No. 9], in which she concluded that Plaintiff was challenging a conviction which had never been invalidated, and pursuant to Heck v. Humphrey,

512 U.S. 477 (1994), recommended dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In accordance with the Magistrate's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation were due by June 2, 2010. On June 4, 2010, the deadline for the filing of objections having passed, the District Court dismissed Plaintiff's civil rights complaint under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B)(ii), and denied his motion for appointment of counsel.

Meanwhile, Plaintiff's objections and the Court's order dismissing the case "crossed in the mail," so to speak, as they were filed the same day, the District Court unaware of Plaintiff's objections. On appeal to the United States Court of Appeals for the Third Circuit, the appellate court vacated that order and summarily remanded for the District Court to consider Plaintiff's objections, which, the Court held, had been timely filed per the "prison mailbox rule." [ECF No. 18-1].

On remand, Plaintiff's IFP status was revoked, and he was ordered to pay the requisite filing fee. Report and Recommendation [ECF No. 22]. Subsequently, the Magistrate Judge ordered Plaintiff to provide to the Clerk of Court proper instructions for service, U.S. Marshal Form 285 forms, along with a completed notice and waiver of summons for each defendant, and a copy of the complaint for each defendant. [ECF No. 32]. The District Court granted Plaintiff additional time to comply on October 25, 2011, and ordered Plaintiff to file said service instructions and forms on or before December 9, 2011.

On October 27, 2011, the case was reassigned to this Magistrate Judge. [ECF No. 34]. On January 23, 2012, this Court entered the following "FINAL ORDER":

2

> Plaintiff has submitted incomplete service forms requested from several previous Court orders. Therefore, it is ORDERED that plaintiff shall provide proper instructions, U.S. Marshal Form 285 for service upon each Defendant listed in his complaint, along with a completed notice and waiver of summons for each Defendant, and copy of the amended complaint for each Defendant, to the Clerk of Court, for the Western District of Pennsylvania, on or before February 24, 2012. <u>No further extensions will be granted for any reason. Failure to comply with this Order by February 24, 2012 will result in immediate dismissal of this action.</u> Enclosed with this Order is one copy of the Complaint, one copy of U.S. Marshal Form 285 for service and one copy of a notice and waiver form. Signed by Magistrate Judge Cynthia Reed Eddy on 1/23/2012. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter.

Text Order of January 23, 2012 (emphasis added).

Thereafter, Plaintiff submitted another incomplete and jumbled set of service forms which did not come close to compliance with this Court's order of January 23, 2012, and which were not ready to be forwarded to the U.S. Marshal for service.

It has been over two years since Plaintiff filed his complaint, and defendants have yet to be served because of Plaintiff's refusal or inability to comply with numerous court orders directing him to file the requisite service instructions and forms. Plaintiff's complaint should now be dismissed.

A federal court has the discretion to dismiss a proceeding *sua sponte* based on a party's failure to prosecute the action. <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30 (1962); <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court

order constitutes failure to prosecute his action, and therefore his action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss a civil action for failure to comply with an order of the court. *See, e.g.*, Adams v. Tr. of New Jersey Brewery Emp. Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994); Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming district court's dismissal with prejudice of *pro se* prisoner's civil rights complaint for failure to comply with district court local rule providing failure of opposing party to file memorandum of points and authorities in opposition to any motion would constitute consent to granting motion); American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 61 (8th Cir. 1988) (dismissal with prejudice of inmate's civil rights action for failure to comply with court order not abuse of discretion). In upholding the district court's dismissal of a *pro se* plaintiff's civil rights case under Rule 41(b), the Court of Appeals for the Sixth Circuit noted that "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). The Court further commented that "[w]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* at 109. In short, a *pro se* litigant's

failure to comply with a court order is not the same thing as "inartful pleading or a[ ] lack of legal training." *Id.* at 110.

A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See* Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors set forth in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis, the Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.* at 868. However, "Poulis did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the Court of Appeals. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Indeed, the Court of Appeals for the Third Circuit has recognized that "not all of the Poulis factors need be satisfied in order to dismiss a complaint. *See* C.T. Bedwell & Sons, Inc. v. Int'l. Fid. Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988). Instead,

5

the decision must be made in the context of the district court's extended contact with the litigant."
*Id.*

Consideration of the Poulis factors follows:

1. Personal Responsibility

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the orders set forth above, and the docket indicates the orders were mailed to him. Moreover, he was given copies of the relevant forms and he submitted sets of service related documents in response to court orders, albeit woefully incomplete sets. The responsibility for his failure to comply with the orders in question is Plaintiff's alone.

2. Prejudice

While there is no indication that any particular defendants have been prejudiced by Plaintiff's failures, a two year passage of time is inherently troublesome, given the factual nature of the incidents underlying the complaint and the numerous defendants named and unnamed in the complaint.

3. Dilatoriness

Plaintiff has failed to comply with three court orders issued in this case directing him to provide forms and instructions necessary to carry out service, including the order of January 23, 2012, which provided: "Failure to comply with this Order by February 24, 2012 will result in immediate dismissal of this action." Plaintiff's failure to respond to these numerous orders raises a fair inference that he does not intend to proceed with this case in a timely fashion.

4. Willfulness or Bad Faith

There is no indication on this record that Plaintiff's failure was the result of bad faith or

"excusable neglect," but his repeated failures to file complete forms and instructions for service, despite clear and explicit orders of court, appear to be willful.

5.  Alternative Sanctions

Plaintiff is proceeding *pro se* and has not responded to the Court's orders, and it is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply.

6.  Meritoriousness

As the Court of Appeals stated, Plaintiff's complaint sets out a "lengthy and at times confusing narrative," [ECF No. 18-1 at 2] fraught with conspiracy theory, including that his public defenders conspired with the Governor and Attorney General of Pennsylvania and their minions to falsify evidence and deprive him of due process. Moreover, as the Magistrate Judge formerly assigned observed, this case presents a serious Heck problem for Plaintiff, not to mention obvious prosecutorial immunity and official immunity hurdles for most of the defendants.

### III. CONCLUSION

Based on the discussion above, the Poulis factors counsel in favor of dismissal. Consequently, this Court recommends that Plaintiff's case be dismissed with prejudice for failing to comply with numerous court orders and failure to prosecute by failing to provide the Court with proper service documents.

Accordingly,

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Objections must therefore be filed on or before May 9, 2012. Any party opposing the objections shall have until May 23, 2012 to respond thereto. Failure to timely file objections will constitute a waiver of any appellate rights. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

*Cynthia Reed Eddy*
Cynthia Reed Eddy
U.S. Magistrate Judge

Dated: April 25, 2012

cc:
LANCE M. WHITE, SR.
JA-8797
1 Kelley Drive
Coal Township, PA 17866